| | |
|---|---|
| 1 | MELINDA L. HAAG, CSBN 162312 |
| | United States Attorney |
| 2 | JOANN M. SWANSON, CSBN 88143 |
| | Chief, Civil Division |
| 3 | JUAN D. WALKER, CSBN 208008 |
| | Assistant United States Attorney |
| 4 |     450 Golden Gate Avenue, Box 36055 |
| |     San Francisco, California 94102-3495 |
| 5 |     Telephone: (415) 436-6915 |
| |     FAX: (415) 436-6927 |
| 6 |     Email: juan.walker@usdoj.gov |

Attorneys for Federal Defendant

SUSAN M. BENSON, CSBN 146837
Susan M. Benson & Associates, LLP
    645 Balboa Blvd, Suite 384, Bldg IV
    Encino, California 91316
    Telephone: (818) 708-1250
    Facsimile:  (818) 708-1444
    Email: sbenson@bensonlegal.net

Attorneys for Plaintiff Mid Century Insurance Company

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MID CENTURY INSURANCE COMPANY, | Docket No. C 10-3221 EMC |
| Plaintiff, | |
| v. | **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action on July 22, 2010; and

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C 10-3221 EMC

BF6069

raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as United States Department of Agriculture, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount**. The United States of America agrees to pay the sum of Six Thousand Six Hundred and Forty dollars ($6,640.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or its guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**. Plaintiff and its guardians, heirs, executors, administrators, and assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, foreseen or unforeseen, for damage to property arising from the same subject matter that gave rise to this action, for which plaintiff or its heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of

America, its agencies, agents, servants, and employees. Plaintiff and its guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or its guardians, heirs, executors, administrators, or assigns against any third party or against the United States of America. Plaintiff and its guardians, heirs, executors, administrators, and assigns agree to defend, reimburse, and indemnify the United States of America, its agencies, agents, servants, and employees from and against any and all such causes of action, claims or lawsuits by a party insured by plaintiff asserting a claim or right that is the subject matter of the subrogation claim in this action, including, but not limited to, claims for the insured's deductible amount.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to

Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by its attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Check**. Payment of the Settlement Amount will be made by check drawn on the Treasury of the United States for Six Thousand Six Hundred and Forty dollars ($6,640.00) and made payable to Mid Century Insurance Company, Plaintiff, and Susan M. Besnon, Plaintiff's attorneys. The check will be mailed to Plaintiff's attorneys at the following address: 645 Balboa Blvd, Suite 384, Bldg IV Encino, California 91316. Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff. Plaintiff and its attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any

government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

//
//
//
//
//
//
//
//
//
//
//
//
//

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: 6-10-11

By: [signature] auth rep
Title
MID CENTURY INSURANCE CO.
Plaintiff DAVID BRAHINSKY

DATED: 6-10-11

By: [signature]
SUSAN M. BENSON
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

DATED: 6/14/11

By: [signature]
JUAN D. WALKER
Assistant United States Attorney

[PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 6/20/11

EDWARD M. CHEN
United States District Judge

IT IS SO ORDERED
[signature]
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
No. C 10-3221 EMC
6